IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00363-MR

| | |
|---|---|
| STEPHEN EUGENE MOORE, III, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLEVELAND COUNTY SHERIFF )<br>OFFICE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I. **BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing criminal charges for which he was detained between August 2018 and September 20, 2022.[1] He names as Defendants in their individual and official capacities: Cleveland County Sheriff Office (CCSO); "Cleveland County ER/Radiology Center of Cleveland," whom Plaintiff

---

[1] This appears to refer to the Plaintiff's murder charge, which was ultimately dismissed, for the death of Plaintiff's infant son. See https://www.wsoctv.com/news/north-carolina/shelby-man-charged-in-death-of-7-week-old-son/829094653/ (last accessed March 14, 2024); Fed. R. Evid. 201. The Plaintiff is presently incarcerated at the Craven Correctional Institution for weapons offenses.

describes as "Medical Practitioner, radiologist"; Alan Norman, the Sheriff of Cleveland County; Rodney Filch, a CCSO major; and Ryan Gibson, a CCSO detective. [Doc. 1 at 1-2]. He asserts claims pursuant to: "IV Amendment, VIII Amendment, XIV Amendment, vindictive prosecution, false imprisonment, defamation of character, excessive bond, prejudice." [Id. at 3]. He alleges:

> 2018 of August my son was transported to hospital and was shown medical malpractice, Sep 3 2018 all response call to be transmitted to hospital for breathing. September 05 I was questioned of the incident and was ARRESTED illegally and without any reason or any facts considering medico-lego! Hospital combined with LEA officers!
>
> September 05, till September 20, 2022 was were I was held falsely, enduring so much duress & held on $2 million bond and was taking to trial 6 days presented from the state, where I put up no defense and was given the final disposition of the case and never did the state appeal the decision within the 14 day's to APPEAL!!!
>
> From August 2018 – September 20, 2022 which was were I was giving my final disposition. So approximately 4 years and a week.
>
> The whole state saw! I was falsely accused and housed for 4 years on a change that was illegally investigated, where my name was majorly slandered, humiliated, and was held on a $2 million bond without no facts at all! Todd W. Pomroy stated he was disgusted with Cleveland County SHERIFF'S OFFICE! I was put under 4 years of trauma, and duress it's unimaginable! They NEVER present any fact of autopsy, to set the dates of events! But publicly prejudicely, deliberately housed me and slandered my name! Never had a incriminating statement from

> NO ONE ALSO! The Major of the Jail was the leading lt of case and was much informed!

[Id. at 4-5] (errors uncorrected). For injury, the Plaintiff states:

> No treatment mentally for 4 years of mental trauma, mental abuse! Enduring so much duress! Pain and suffering, PTSD for 4 long years and was not giving any help falsely and it's clear as day! Assaulted by officers verbally and mentally with grievances on record!!! No help at all!

[Id. at 5] (errors uncorrected). The Plaintiff seeks $75,000 for each year he was falsely imprisoned and "the chance to be given the chance too speak and hold everyone responsible for the lies, wrongs, and cover ups!!!" [Id. at 5] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to Todd W. Pomroy)]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and

arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff names the CCSO as a Defendant. "[A] governmental entity may only be sued if the law of the state in which the court is located permits it." Smith v. Munday, 848 F.3d 248, 256 (4th Cir. 2017) (citing cases); Fed. R. Civ. P. 17(b)(3). Under North Carolina law, "police departments cannot be sued as entities." Id.; see Ragland v. Doe, 811 F. App'x 177 (4th Cir. 2020) (finding that a county sheriff's department is not an entity capable of being sued under § 1983); Eifird v. Riley, 342 F.Supp.2d 413, 420 (M.D.N.C. 2004) ("There is no North Carolina statute authorizing suit against a county sheriff's department."). Accordingly, the CCSO lacks the capacity to be sued and the claims against it are dismissed with prejudice.

The Plaintiff also names as a Defendant "Cleveland County ER/Radiology Center of Cleveland," which appears to refer to a private

5

hospital and/or hospital employees.[2] [Doc. 1 at 2]. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Conduct by a private entity may be fairly attributable to the state (1) when a sufficiently close nexus exists between a regulated entity and a state such that the actions of the regulated entity are fairly treated as those of the state; (2) when the state has exercised coercive power or has provided such significant encouragement that the action must be deemed that of the state; and (3) when the private entity has exercised powers that are traditionally the exclusive prerogative of the state. See Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001). Where a private company employs individuals

---

[2] This appears to refer to Atrium Health Cleveland, a nonprofit hospital in Shelby, North Carolina. See https://atriumhealth.org/about-us.

6

Case 1:23-cv-00363-MR   Document 9   Filed 03/18/24   Page 6 of 9

acting under color of state law, it is liable under § 1983 "only when "an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted).

The Plaintiff makes absolutely no factual allegations that would plausibly suggest that this private hospital or its employees acted under the color of state law. See Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 214 n. 3 (4th Cir.2002) (plaintiff could not recover against a purely private hospital under § 1983). Accordingly, the claims against "Cleveland County ER/Radiology Center of Cleveland" are dismissed.

The Plaintiff names Sheriff Alan Norman, Major Rodney Filch, and Detective Ryan Gibson as Defendants in their individual and official capacities, and he alludes to various legal theories. [See Doc. 1 at 3]. However, the Complaint is almost entirely devoid of factual allegations such that that the Court cannot determine the Defendant(s) to whom each claim refers, or the incidents that are alleged to have violated the Plaintiff's rights. These claims are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations,

unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff's claims are, therefore, dismissed without prejudice.

**IV. CONCLUSION**

In sum, the Plaintiff has failed to state a claim and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff

fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge