IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00363-MR

| | |
|---|---|
| STEPHEN EUGENE MOORE, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CLEVELAND COUNTY SHERIFF ) | |
| OFFICE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 11]. Also pending is the Plaintiff's Motion to Appoint Counsel [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I. **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing his infant son's death for which he was investigated by the Cleveland County Sheriff's Office (CCSO), charged with murder, and detained; and the charge was ultimately dismissed. [See Doc. 9 at 1, n.1]. The Complaint failed initial review, and the Plaintiff was granted the

opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review.

The Plaintiff names as Defendants: the City of Shelby; "Shelby ER Health Care;" CCSO/Sheriff Alan Norman; and CCSO detectives Rodney Filch and Ryan Gibson. [Doc. 11 at 1-2]. He describes his claims as follows: "N.C.G.S. § 15A-972 protects [illegible] US the 4th Amendment duress, emotional stress frivolous prosecution, pain & suffering, unlawful arrest, false arrest, defamation of character." [Id. at 3]. For injury, the Plaintiff states: "mental, trauma, duress, emotional trauma, haven't received no treatment!!!" [Id.] (errors uncorrected). For relief, he seeks: "to seek tort, and make Cleveland County Sheriff and City of Shelby be held responsible for false allegation." [Id.] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

To the extent that the Plaintiff again attempts to name the CCSO as a Defendant, the claims against it are dismissed for the reasons discussed on initial review of the Complaint. [See Doc. 9 at 5].

The Plaintiff appears to assert claims against Defendants Gibson, Filch, and Norman for false arrest, false imprisonment, and malicious prosecution; and against Defendant Norman for subjecting him to unconstitutional conditions of pretrial detention. [See, e.g. Doc 11-1 at 1-2 (the Defendants "falsely reported an incident;" "allow[ed] him to be put 'under duress;'" "tempered with so much in the case of the homicide alleged!;" "obstructed justice;" "arrested and confined [him] falsely," and "also so much more unlawful things")]. The Plaintiff's allegations are so vague, conclusory, and devoid of factual support that they fail to state a plausible § 1983 claim. See generally Wallace v. Kato, 549 U.S. 384 (2007) (discussing false arrest and false imprisonment); Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000) (discussing malicious prosecution); Short v. Hartman, 87 F.4th 593, 604-05 (4th Cir. 2023) (discussing deliberate indifference in the context of pretrial detainees). These claims are dismissed for the reasons discussed in the Order on initial review of the Complaint. [See Doc. 9 at 7-8].

The Plaintiff names the City of Shelby as a Defendant. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or

injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

Here, the Plaintiff appears to allege that the City allowed Defendants Gibson, Norman, and Filch's false allegations to be broadcast on national media. [Doc. 11-1 at 2]. The Plaintiff fails to plausibly allege that any official policy or custom resulted in the violation of his constitutional rights. Rather, his vague and conclusory allegations appear to rely on a respondeat superior theory. The Plaintiff's claims against the City of Shelby are, therefore, dismissed.

The Plaintiff names as a Defendant "Shelby ER Health care." [Doc. 11 at 3]. Liberally construing the allegations, the Plaintiff appears to claim that Shelby ER provided police with "false information" that substantiated the child abuse allegations against him, and failed to provide police with information about his child's medical history that would have exonerated him. [See, e.g., Doc. 11-1 at 3 ("they worked with police … to prevent presenting false information"; "the hospital report could have FREED me")]. The Plaintiff has failed to adequately identify this Defendant or explain how it engaged in any action that was fairly attributable to the state. [See Doc. 9 at 5-7]; see Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n.21 (1982) ("we do not hold today that a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law") (citation and internal quotation marks omitted); Lee v. Town of Estes Park, 820 F.2d 1112, 1115 (10th Cir. 1987) ("the mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983"). The allegations are also too vague and conclusory to state any plausible § 1983 claim. [See id. at 7-8]. Accordingly, the claims against Shelby ER are dismissed.

6

Case 1:23-cv-00363-MR   Document 13   Filed 06/11/24   Page 6 of 8

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review.[1] [See, e.g., Doc. 11 at 3, 11-1 at 1 (referring to the North Carolina General Statutes, the North Carolina Constitution, defamation, "emotional stress," and negligence)]; see Artis v. Dist. Of Columbia, 583 U.S. 71, 71 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's claims under North Carolina law are dismissed without prejudice.

The Court will dismiss the Plaintiff's federal claims with prejudice because the Plaintiff has already amended his complaint once, and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

Finally, the Plaintiff requests the appointment of counsel due to his "lack of law ability…." [Doc. 12]. This request is moot due to this action's dismissal.[2]

---

[1] The Plaintiff's claims under North Carolina law are also so vague, conclusory, and devoid of factual support that they fail to state a claim upon which relief can be granted.

[2] The Plaintiff has also failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's federal claims under 42 U.S.C. § 1983 are dismissed with prejudice, his supplemental state law claims are dismissed without prejudice, and his motion seeking the appointment of counsel is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 [Doc. 11] are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff's supplemental state law claims [Doc. 11] are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff's Motion to Appoint Counsel [Doc. 12] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 11, 2024

Martin Reidinger
Chief United States District Judge